UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BARON MONTERO JONES,                          Civil No. 11-924 (JNE/AJB)

Petitioner,

v.                                           **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled pleading entitled "Writ Of Error Coram Nobis." (Docket No. 1.) Petitioner did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's IFP application be denied, and that this action be summarily dismissed with prejudice.

## I. BACKGROUND

In 2004, a Minnesota state court jury found Petitioner guilty of third degree criminal sexual conduct and first degree burglary. He was sentenced to 72 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Lino Lakes, Minnesota.[1]

---

[1] Petitioner apparently has been granted a supervised release from prison on one or more occasions, but he has been returned to prison for violating the conditions of his release.

After Petitioner was convicted and sentenced, he filed a direct appeal. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence. State v. Jones, No. A04-841 (Minn.App. 2005), 2005 WL 1088525 (unpublished opinion), rev. denied, July 19, 2005.

Petitioner later challenged his conviction by filing a federal habeas corpus petition in this District. Jones v. Adair, Civil No. 05-2427 (JMR/RLE) [hereafter "Jones I"]. All of the claims raised in that petition were addressed and rejected on the merits, and the case was dismissed with prejudice. (Jones I, Report and Recommendation dated August 29, 2006, [Docket No. 13], and Order adopting Report and Recommendation dated October 31, 2006, [Docket No. 15].) Petitioner attempted to appeal that ruling, but he was denied a Certificate of Appealability by both the District Court Judge and the Eighth Circuit Court of Appeals. (Jones I, Order dated February 1, 2007, [Docket No. 19], and Judgment dated June 13, 2007, [Docket No. 23].)

After Petitioner's federal habeas corpus petition was dismissed, he attempted to challenge his conviction and sentence in a state post-conviction motion filed in the trial court. However, that motion also was denied, and the trial court's ruling was subsequently affirmed by the Minnesota Court of Appeals. Jones v. State, No. A07-799 (Minn.App. 2008), 2008 WL 2104870 (unpublished opinion).

In the present action, Petitioner is once again attempting to challenge his state criminal conviction, and the resulting sentence that he is still serving. Petitioner is now seeking a writ of coram nobis that would overturn his conviction and sentence. He claims, inter alia, that (i) the prosecution withheld evidence, (ii) the trial court erroneously allowed the jury to hear certain statements he made when he was apprehended, (iii) the trial court

gave erroneous instructions to the jury, and (iv) he was denied effective assistance of counsel.  However, the Court finds that Petitioner cannot challenge his state criminal conviction in a federal coram nobis proceeding, and that this action must be summarily dismissed.

## II. DISCUSSION

It is readily apparent that Petitioner has deliberately eschewed the conventional means of challenging a state criminal conviction in federal court – namely a habeas corpus petition brought under 28 U.S.C. § 2254.  Petitioner presumably recognizes that he is not eligible for habeas corpus relief at this time, because he already sought federal habeas review of his state criminal conviction, (in Jones I), and he cannot file another habeas corpus petition, (i.e., a "second or successive petition"), without a preauthorization order from the Eighth Circuit Court of Appeals.  28 U.S.C. § 2244(b).  Furthermore, Petitioner is attempting to challenge a state criminal conviction that occurred more than seven years ago, so if he were seeking habeas corpus relief (again) under § 2254, his claims undoubtedly would be barred by the one-year statute of limitations that applies to § 2254 habeas corpus petitions.  28 U.S.C. § 2244(d)(1).[2]

Petitioner apparently believes that even though he is not eligible for habeas corpus relief under § 2254, (or perhaps because he is not eligible for such relief), he should be allowed to challenge his state criminal conviction and sentence in a coram nobis proceeding.  That notion must be rejected, however, for two reasons.

---

[2] Needless to say, Petitioner's current pleading cannot be construed to be a habeas corpus petition, and entertained as such, for the reasons cited in the text – i.e., because of (a) the restrictions governing second and successive petitions, and (b) the one-year statute of limitations.

First, a criminal conviction can be reviewed by means of coram nobis only if the petitioner is no longer in custody for the conviction that is being challenged. United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000), citing United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996) and Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir.1987); United States v. Little, 608 F.2d 296, 299, n. 5 (8th Cir. 1979), cert. denied, 444 U.S. 1089 (1980). Because Petitioner is still in custody pursuant to the conviction he is attempting to challenge, he cannot challenge his conviction in a coram nobis proceeding.

Second, the validity of a state criminal conviction can never be challenged by filing a coram nobis petition in federal court, even if the petitioner is no longer in custody. In United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court held that a writ of coram nobis can be used to correct errors that occurred during the course of a criminal proceeding, if the defendant is no longer in custody. 346 U.S. at 505-11; see also Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992). However, coram nobis is available only by filing a motion in the court that entered the conviction in the original criminal case; coram nobis is not available in a separate action brought in another court. Morgan, 346 U.S. at 505, n. 4 (an application for coram nobis relief "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding"). See also, Booker v. State of Arkansas, 380 F.2d 240, 243 (8th Cir. 1967) ("[p]rocedurally, coram nobis is a step in the original criminal proceeding itself"); Trackwell v. Nebraska, 126 Fed.Appx. 336 (8th Cir. 2005) (unpublished opinion) ("a defendant may seek coram nobis relief only from the court that rendered judgment"). Therefore, for individuals convicted of crimes in federal court, coram nobis can be a viable alternative to habeas corpus, if the petitioner is no longer in custody, and if coram nobis

relief is sought in the federal court in which the petitioner was convicted.  See Kandiel, 964 F.2d at 796.

However, for individuals seeking to challenge a state criminal conviction, coram nobis relief is not available in federal court.  Booker, 380 F.2d at 244 (coram nobis is not available to a petitioner seeking to challenge a state criminal conviction in federal court); Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.) (federal court may not issue writ of coram nobis for state petitioner), cert. denied, 506 U.S. 834 (1992); Theriault v. State of Mississippi, 390 F.2d 657 (5th Cir. 1968) (per curiam) ("coram nobis is not available in federal court as a means of attack on a state criminal judgment"); Blake v. State of Florida, 395 F.2d 758 (5th Cir. 1968) (same); Finkelstein v. Spitzer, 455 F.3d 131, 134 (2nd Cir. 2006), cert. denied, 549 U.S. 1169 (2007) (same); Obado v. New Jersey, 328 F.3d 716, 718 (3rd Cir. 2003) (same); In re Egan, 339 Fed.Appx. 314, 315 (4th Cir. 2009) (per curiam) (unpublished opinion) (same).  As far as the Court can tell, this principle has been fully accepted by every federal court that has ever considered it.  See Lowery, 954 F.2d at 423 (petitioner's attorney "conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court").  Therefore, even if Petitioner were not still in custody, he could not challenge his state court conviction by filing a coram nobis petition in federal court.

For the reasons recited above, the Court concludes that Petitioner cannot challenge his Minnesota state court criminal conviction by seeking a writ of coram nobis in federal court.  It is therefore recommended that Petitioner's current application for a writ of error

coram nobis be summarily denied, and that this action be dismissed with prejudice.

Because Petitioner's application for coram nobis relief cannot be entertained here, the Court will further recommend that his pending IFP application be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where prisoner's petition cannot be entertained).

Finally, the Court notes that Petitioner has filed an anomalous document entitled "Motion for Recusal of Judge(s)."  (Docket No. 3.)   Petitioner apparently wants the undersigned Magistrate Judge and/or the presiding District Court Judge to be removed from this case.   However, Petitioner has made no effort to show why that would be appropriate, and this Court is not aware of any reason for any recusal in this case.  The Court will therefore recommend that Petitioner's "Motion for Recusal of Judge(s)" be denied.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a "Writ Of Error Coram Nobis," (Docket No. 1), be **DENIED**;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3.  Petitioner's "Motion for Recusal of Judge(s)," (Docket No. 3), be **DENIED**; and

4.  This action be **DISMISSED WITH PREJUDICE**.

Dated: April 18, 2011                            s/ Arthur J. Boylan
                                                 ARTHUR J. BOYLAN
                                                 Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 2, 2011.